IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHISN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SANDRA NORWOOD, an individual ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> ) <br> ) <br> KT BOURBONNAIS, LLC, an Illinois ) <br> Corp., d/b/a KANKAKEE TERRACE ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. <br> Judge_____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, SANDRA NORWOOD, ("Norwood") by her attorney, Carol Coplan Babbitt, complains against the defendant, KT BOURBONNAIS, LLC, an Illinois Corporation, d/b/a KANKAKEE TERRACE, ("Kankakee Terrace or Defendant") as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under, and jurisdiction is founded on, the Americans with Disabilities Act, Title 42 U.S.C. 12101, and 28 U.S.C. 1331, 1343(a)(3). Remedial measures are provided in conjunction with 42 U.S.C. 2000 et seq.

2. Norwood is a female, she is a citizen of the United States of America and of the State of Illinois. Norwood had been employed by Kankakee Terrace from on or about July 28, 2015, through November 30, 2015.

3. Defendant is an employer within the meaning of the Americans with Disabilities Act (the ADA) and it has in excess of 50 employees. Defendant is qualified to do

1

business in the state of Illinois and has its principal place of business located at 100 Belle Aire Ave, Bourbonnais, IL 60914, Kankakee County, Illinois.

4. Norwood is a citizen of both the United States of America and the State of Illinois, she is entitled to all the rights, privileges and immunities guaranteed to all citizens of the United States under the Constitution and Laws of the United States; and Norwood is entitled to all rights, privileges and immunities guaranteed to the citizens of the State of Illinois under the Constitution and Laws of the State of Illinois.

5. All acts and unlawful employment practices occurred in this district as Norwood was employed herein since 2015. Venue is based on 28 U.S.C. 1391.

**FACTS**

6. Norwood was hired by Defendant sometime before July 28, 2015. Upon being hired at Defendant as a social worker/therapist. Defendant referred to her job title as a "PRSC" or "a counselor." Norwood's main job duties were to conduct individual or group therapy sessions for patients recovering from addictive disorders.

7. Norwood is an otherwise qualified individual with the permanent condition of asthma. Asthma is a permanent medical condition affecting the lungs. It impairs Norwood's ability to breathe freely and without effort when faced with aggravating factors such as smoke from cigarettes or other inhaled smoking materials. If exascerbated it can also affect Norwood's heart, causing hypertension.

8. Upon hire Norwood informed her supervisor/owner, of the asthmatic condition in filling out the appropriate medical forms. Norwood was not informed upon hire that she would be required to maintain a physical presence in a smoke-filled area as part of her job duties. Further, it was never explained to Norwood upon hire that all Counselors are required to observe patients and remain contained within the smoking area for extended periods of time. Norwood was, and is now, qualified to perform the essential functions of the therapy job at Kankakee Terrace even with her asthmatic condition.

9. From approximately July of 2015 through October 2015, Norwood was not required to take observation duties in the smoking room at Kankakee Terrace, but in or about October of 2015, she was informed for the first time she would have to take a turn at observing the patients in the smoking room during her work day. Norwood immediately advised her supervisor that she could not spend extended time inside of the smoking break room because of her asthma but she was forced to undergo the observation task.

10. The observation time forced Norwood to be in a smoke-filled room for an extended period of time which ignited her asthmatic condition and forced her to take several days off to medically treat the inflamed asthma which included hypertension at this point.

11. Upon her return to work after approximately one week, Norwood reiterated to her supervisor that she was under a doctor's care to treat the asthma because of the prior forced exposure to smoke and that while she could observe from behind a glass door/window, she had been advised by her doctor that she could not go into

3

the actual smoking area. This was an accommodation that did not cost Defendant any extra money or time.

12. Norwood was refused this reasonable accommodation without explanation, and Defendant never engaged in the interactive process with her to come up with a reasonable solution to this problem. Immediately thereafter, Norwood was summarily and unlawfully terminated on or about November 30, 2015.

13. Norwood's last day of work was November 30, 2015.

14. At all times during her employment Norwood performed her job at a satisfactory level.

## PROCEDURAL HISTORY

15. On or about February 8, 2017, Norwood filed a Charge of Discrimination claiming she was discriminated against because of her disability, with the Equal Employment Opportunity Commission (hereinafter known as "EEOC") and with the Department of Human Rights (Hereinafter known as the "IDHR") for the State of Illinois.

16. Norwood received her Notice of Right to sue letter on or about March 6, 2017. A copy of the notice (with the Charge of Discrimination as an Exhibit therein) is attached hereto and made a part hereof as Exhibit A. Norwood has filed this action within 90 days of receiving the right to sue letter.

17. Norwood has exhausted her State and Federal administrative remedies and has standing to file this civil action against the Defendant.

## COUNT I
## AMERICANS WITH DISABILITIES DISCRIMINATION

18. Norwood realleges paragraphs 1-17 as paragraphs 1-17 of Count I as if set forth fully.

19. Norwood is a qualified individual with a permanent disability affecting her ability to breathe, asthma.

20. The ADA (as amended) prohibits discrimination in employment because of an employee's disability. The Act provides as follows:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement *or discharge of employees*, employee compensation, job training and *other terms, conditions and privileges of employment*. 42 U.S.C. §12112. (emphasis supplied)

21. Defendant discriminated against Norwood because of her disability in the following manner:

   a. Norwood informed Defendant she had an asthmatic condition, a disability covered by the ADA (as Amended) upon hire, and also upon hire he was not informed that her essential job duties required her to be exposed for extended periods of time to intense smoke as is the condition in the smoking areas of Kankakee Terrace;

   b. In or about October of 2015, Norwood was informed she would have to work in the smoking area despite verbally advising Defendant that she could not be exposed to direct smoke because of her asthmatic condition;

5

    c.    Norwood became physically ill from the direct exposure to the intense cigarette smoke in the smoking area and she was forced to take several days off of work to treat her inflamed asthmatic condition with a medical physician;

    d.    Upon her return to work Norwood again asked for the accommodation of not being directly exposed to the cigarette smoke for extended periods of time by observing or performing the required task from behind a closed door where she could observe through aw window or glass door but she was denied this and/or any other reasonable accommodation and she was summarily terminated;

    e.    Norwood performed all of her duties satisfactorily, and

    f.    She was discharged because of her disability.

22. Defendant's conduct with regard to Norwood demonstrated a callous disregard of her rights.

23. As a direct and proximate result of Defendant's unlawful conduct, Norwood has suffered a loss of professional standing, emotional pain and suffering, lost wages and employee benefits and she will continue to lose wages and benefits in the future.

24. Plaintiff demands a trial by Jury on all matters alleged in this Complaint.

WHEREFORE, the plaintiff, SANDRA NORWOOD, prays for the entry of an order of judgment against defendant, KT BOURBONNAIS, LLC, an Illinois Corporation, d/b/a KANKAKEE TERRACE, as follows:

    (a)    Trial by Jury on the charges raised in his Complaint, and those filed with the IDHR and the EEOC and advancement on the court's docket for speedy hearing;

(b) That a declaratory judgment be issued that the Plaintiff's rights have been violated as alleged above and that the practices complained of herein are unlawful and violate of the acts cited;

(c) Permanently enjoining the defendant, its agents, successors, officers, employees and attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein and from continuing any and all other practices shown to be in violation of applicable law;

(d) Reinstating the Plaintiff in her position with Defendant at her full salary at the date of termination adjusted for appropriate wage increases since that time or, in the alternative, awarding the Plaintiff front pay;

(e) That the Plaintiff have and recover from the Defendant back wages and benefits, with pre- and post-judgment interest, actual, compensatory, consequential and punitive damages and any other damages to which the Plaintiff might be entitled; liquidated damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of future business opportunities and other non-pecuniary losses due and owing to her;

(f) Award the Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees; and

(g) Such other legal or equitable relief as this court may deem just and proper.

SANDRA NORWOOD

BY  /s Carol Coplan Babbitt
One of her attorneys

The Law Office of
Carol Coplan Babbitt
35 E. Wacker Dr., suite 650
Chicago, Illinois 60601
(312) 435-9775
Attorney No. 6199651